UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STATE OF LOUISIANA,** | ( | **CASE NO. 6:25-cv-01130** |
| | ( | |
| **v.** | ( | |
| | ( | **JUDGE DAVID C. JOSEPH** |
| | ( | |
| | ( | |
| **CAREMARKPCS HEALTH, LLC,** | ( | **MAGISTRATE JUDGE CAROL B.** |
| **CVS HEALTH CORP.** | ( | **WHITEHURST** |
| | ( | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................. ii

**TABLE OF AUTHORITIES** ........................................................................................... iii

    I.    Introduction ............................................................................................... 1

    II.   Legal Standard .......................................................................................... 2

    III.  Legal Analysis........................................................................................... 3

       A.   General Jurisdiction ........................................................................... 3

       B.   Specific Jurisdiction........................................................................... 8

       C.   Alter-Ego Jurisdiction and Group Pleading.................................... 10

       D.   Jurisdictional Discovery and/or Amendment Should be Permitted........... 10

    IV.  Conclusion ............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262, 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395, 403 (2017) ................................................................................................. 8
*Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) ............................................................. 2
*Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ................ 8
*Guidry v. United States Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999). ................................... 2
*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1952) ............................................................................................................. 3
*In re Am. River Transp. Co. LLC*, 533 F. Supp. 3d 355, 361 (E.D. La. 2021) ............................. 10
*In Re: Pricing Litigation*, 2:23-md-03080-BRM-LDW (ECF No. 710) (D. N.J.) (Sept. 5, 2025) 11
*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .............................................................. 7
*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 & n. 13 (1978) ............................................................................................................................. 10
*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446, 96 L. Ed. 485, 72 S. Ct. 413 (1952) ................................................................................................................................. 3
*Reyes v. Marine Mgmt. & Consulting, Ltd.*, 586 So.2d 103, 106 (La. 1991) ................................ 8
*Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) ................................................... 3
*Shaffer v. Heitner*, 433 U.S. 186, 204, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977) ......................... 3

**Statutes**

La. R.S. 13:3201 ............................................................................................................................ 2
Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq* ................................................... 1

The State of Louisiana's Petition details violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, *et seq.* based on CaremarkPCS Health, L.L.C. and CVS Health Corporation's ("Defendants'") participation in the pharmaceutical benefits management industry (hereinafter, generally, "PBM"). As part of a complex vertically-integrated health care conglomerate, Defendants have significant power in the pharmaceutical industry. (*See* Pet. ¶ 2). The Petition catalogs the abuses stemming from Defendants' monopolistic influence and how they inflict harm upon independent pharmacies. CVS Health filed a Motion to Dismiss for Lack of Personal Jurisdiction. (*See* ECF Doc. 10-1). The State opposes the Motion and submits this response.

## I.     Introduction

As detailed in the separately filed Opposition to Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, the State filed its Petition for injunctive and monetary relief based upon Defendants' participation in the PBM industry. This suit seeks redress for harm to Louisiana independent pharmacies caused by Defendants' manipulative and secretive practices involving unfair imposition of high fees, low reimbursement rates, patient-steering, and spread pricing. The claims are based on the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, and the Petition is filed as a civil enforcement action by the State, through its Attorney General, to protect the health and safety of its citizens, the fairness of its marketplace, and, particularly, the financial viability of its independent pharmacies.

The State's claims against CVS Health are not based on its status as a corporate parent; rather, they target CVS Health's own active involvement in this scheme that permeates every layer of its subsidiaries (PBM, pharmacy, and health insurance) from its overall business structure to its subsidiaries' interactions with each other. All allegations in the Petition relate, not only to

1

CaremarkPCS Health's role as the PBM, but CVS Health's creation of and participation in the PBM ecosystem, where a lack of transparency, significant market consolidation, and inherent conflicts of interest lead to inflated drug costs, patients' limited access to care, and harm to independent pharmacies. The Petition alleges a scheme that can only be effectuated from the top down, where the decision is made to unify and control all relevant stages and players of the pharmaceutical industry. The Petition details monopolistic practices that only work because one company—CVS Health–owns and controls ("deliberately direct[s]") all the key players. (*See* Petition at ¶ 8). Moreover, the Petition alleges CVS Health owns over 70 pharmacies in Louisiana and improperly steers patients to its pharmacies to the detriment of independent pharmacies who cannot compete with CVS Health's enormous market power and manipulation. Contrary to CVS Health's assertion that passive corporate parenthood alone is the basis for the State's exercise of personal jurisdiction, the Petition is replete with allegations of actions by both Defendants, who both have sufficient contacts with the State to survive a Rule 12(B)(2) motion.

## II.  Legal Standard

Louisiana's "long-arm" statute, La. R.S. 13:3201, "extends personal jurisdiction of courts sitting in Louisiana, including federal courts, to the limits permitted under the due process clause of the Fourteenth Amendment." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999). "Due process generally demands that the nonresident defendant have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* Minimum contacts with a forum state may arise incident to a federal court's "general" or "specific" jurisdiction over a nonresident defendant. *See Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). If a defendant has sufficient "continuous and systematic" general contacts with the state, *e.g.*, *see Perkins v. Benguet Consolidated Mining Co.*,

2

342 U.S. 437, 446, 96 L. Ed. 485, 72 S. Ct. 413 (1952), the forum may exercise general personal jurisdiction over the defendant for a "cause of action [that] does not arise out of or relate to the [defendant's] activities in the forum state." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1952). Specific personal jurisdiction exists over a defendant if the controversy at issue "is related to or arises out of the defendants' contacts with the forum." *Shaffer v. Heitner*, 433 U.S. 186, 204, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977).

### III. Legal Analysis

#### A. General Jurisdiction

A court may assert general personal jurisdiction over foreign corporations "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022).

General jurisdiction is not limited to a party's place of incorporation and principal place of business. CVS maintains continuous and systematic contacts in Louisiana, more than sufficient to justify the exercise of general jurisdiction. It is uncontested that CVS's PBM and pharmacy services are offered in Louisiana. CVS Health's home page on its website links to its PBM services and its pharmacy services.[1] CVS Health states on its website "*As part of CVS Health®, CVS Caremark® plays a critical role in the health care system by negotiating low net costs for our customers while supporting safe and clinically effective products for consumers. Beyond traditional PBMs, we use an integrated model to increase access to care, deliver better health outcomes and help lower overall health care costs.*"[2] (emphasis added). As alleged in the petition, CVS Health previously bore the name CVS Caremark Corporation. (*See* Petition at ¶ 8A.). After

---

[1] https://www.cvshealth.com/
[2] https://www.cvshealth.com/services/prescription-drug-coverage/pharmacy-benefits-management.html

3

its name change, "CVS Health stated that its PBM services would continue to be known as "CVS/Caremark." *Id.* It "continues to use CVS Caremark to refer to its PBM services on its website and in other locations." (*See* Petition at ¶ 8B). The website located at www.caremark.com bears the name CVS Caremark. (*See* Petition at ¶ 8C). CVS's filings with the SEC claim pharmacy services that include PBM solutions. (*See* Petition at ¶ 8D).

CVS Health relies on the affidavit of Thomas S. Moffatt to contend that CVS Health only issues stock and files reports with the SEC. (*See* ECF Doc. 10-1, p. 2; Pg. ID # 213). Mr. Moffatt also attests to CVS Health having "no offices or facilities in Louisiana, and none of its limited business functions regularly occur there. *Id.* Further, he attests CVS Health has "no direct assets, income, employees, or operations in Louisiana." *Id.* Claiming it is not one in the same with its subsidiaries, CVS Health, through Mr. Moffatt, asserts it "maintains corporate separateness." *Id.* A single unsupported affidavit, however, does not negate the very public stance CVS Health has taken regarding "offices or facilities," "assets, income, employees, or operations" in Louisiana and across the nation. (*See* ECF Doc. 10-2, p. 2; Pg. ID # 227).

CVS Health "holds itself out as deliberately directing, and is therefore responsible for, CaremarkPCS's forum-related activities." (*See* Petition at ¶ 8). Mr. Moffatt acknowledges that CVS Health "has agreements with" senior executives who are officers of CVS Health and who are "employed by and provide services to" CVS Health's subsidiaries. (*See* ECF Doc. 10-2, p. 2; Pg. ID # 227). He does not disclose what these agreements are or what "services" CVS Health senior executives provide to other CVS entities that jointly employ them. Rather, he makes the self-serving, conclusory statement that CVS Health has "no direct involvement in directing, managing, or supervising the operations or the employees of any of its direct or indirect subsidiary companies." *Id.* Mr. Moffatt further attests to CVS Health's separate and distinct identity from

4

CaremarkPCS Health, emphasizing the latter "has its own governing documents; maintains its own corporate records, bank accounts, and financial records; files its own tax returns . . . funds its own operations, if any; bears responsibility for its own debts, if any; and has its own managers or board of directors, who meet separately from the board of directors of CVS Health." *Id.* Even accepting this as true for argument's sake only, the assertions do not speak to the fact CVS is being sued for its *own* conduct in addition to CaremarkPCS Health's. As allegedly separate as their corporate filings, records, and accounts may be, the unfair trade practices alleged in the Petition relate to the *overall* corporate structure of CVS Health. The excessive fragmentation and splintering of its affiliates and related services (to collectively build an anticompetitive corporate model) does not *exonerate* it from liability, it *creates* the liability.

CVS claims, "The State does not allege that the corporate form has been used to deprive it of a remedy." (*See* ECF Doc. 10-2, p. 9; Pg. ID # 220). However, the Petition expressly claims "Defendants operate one of the nation's largest vertically integrated pharmacy enterprises, controlling the flow of prescription drugs from formulary design and pricing negotiations to pharmacy reimbursement, health insurance coverage, and drug dispensing." (*See* Petition at ¶ 2). This clearly describes conduct beyond just CaremarkPCS Health's PBM involvement. Health insurance and pharmacy services are not part of the PBM bucket; they are part of other buckets owned by CVS Health that make the scheme possible. Moreover, the Petition details the "vertical-integration" structure, "the multiple, interlocking stage of the pharmaceutical and reimbursement chain–from insurance to drug pricing, to pharmacy distribution and dispensing," and claims "[t]his structure" is what creates the market power that is harming independent pharmacies." (*See* Petition at ¶¶ 13-22). Further, the Petition objects to "CVS's structure and market power" as an enabling force behind the abuses. (*See* Petition at ¶ 29).

Just as the State's claims against CVS Health are not based on its passive status as a corporate parent of CaremarkPCS Health', its contacts are not either. CVS Health conducts business in Louisiana. It owns over 70 retail pharmacies in Louisiana and provides mail order pharmacy services in Louisiana.[3] While the website does not provide exactly how many employees CVS Health employs in Louisiana, it advertises many Louisiana job openings and touts, "Our workforce is dedicated and talented – more than 300,000 colleagues strong."[4] Presumably of these 300,000 colleagues, many are Louisianians working in Louisiana pharmacies, and not simply issuing stock and filing reports with the SEC out of state. To the extent CVS Health argues these job opportunities are advertisements for career placement with its wholly-owned subsidiaries, nothing in the publicly available information evidences this fact. Instead, CVS Health's website does not differentiate between parent and subsidiary identity with regard to its mission, its services, or its career advertisements.

CVS Health's website repeatedly refers to "our" (*e.g.,* "our strategy," "our people," "our purposes," "combining our strengths for you", etc.). The website states:

> At CVS Health®, we couldn't be more proud of our hundreds of thousands of employees — who we call colleagues and friends — that have made us the leading health care company. They're talented, with expertise in more than 4,000 types of positions, from engineers to pharmacists and data analysts to store associates. And they're diverse. Spread across all 50 United States and Puerto Rico, our colleagues reflect the communities they serve.[5]

CVS Health would not refer to other entities' missions, services, or employees as its own if it were not, in fact, separate and distinct from them, particularly CaremarkPCS. In its own SEC filings, under "Description of Business", CVS Health identifies as one company with its

---

[3] https://www.cvs.com/store-locator/cvs-pharmacy-locations/Louisiana
[4] https://jobs.cvshealth.com/us/en/search-results?p=ChIJZYIRslSkIIYRA0flgTL3Vck&location=Louisiana%2C%20USA

[5] https://www.cvshealth.com/about/our-people.html

6

subsidiaries: "CVS Health Corporation together with its subsidiaries (collectively, "CVS Health" or the "Company"), is a leading health solutions company building a world of health around every consumer it serves and connecting care so that it works for people wherever they are."[6] It describes in these filings, the company's 4 "segments": "health care benefits," "health services," "pharmacy and consumer wellness," "corporate/other."[7]  This fragmentation does not immunize CVS Health from a suit filed in Louisiana.

CVS Health's online presence (which advertises in Louisiana and solicits Louisiana business), its singular solicitation of employees, its shared name and collective branding with CaremarkPCS Health, its homepage's claim of offering PBM and pharmacy services, and its reference to all employees as "colleagues"  (regardless of which subsidiary is employing them) all lead to the conclusion that CVS Health has created the same "continuous and systematic contacts" with the state of Louisiana as its subsidiaries.  This finding is consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  CVS Health publicly claims ownership of and direction over Louisiana PBM services, pharmacies, employees, and job offerings.  It claims this unity for all purposes except litigation where it attempts to claim no personal jurisdiction, in the face of all evidence to the contrary. It cannot simultaneously put forward an inseparable corporate identity to the public and claim fair play and justice are offended when it is named as a defendant for conduct committed by that same inseparable entity.  In short, the contacts with the state are so "constant and pervasive as to render [CVS Health] essentially at home in [Louisiana]." *Daimler AG v. Bauman*, 571 U.S. 117, 122,

---

[6] https://app.quotemedia.com/data/downloadFiling?webmasterId=90423&ref=319335678&type=PDF&symbol=CVS&companyName=CVS+Health+Corporation&formType=10-Q&formDescription=General+form+for+quarterly+reports+under+Section+13+or+15%28d%29&dateFiled=2025-07-31
[7] *Id.*

134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).  General jurisdiction is clearly established.

  B. **Specific Jurisdiction**

  Even if there is no general personal jurisdiction over CVS Health, the allegations in the State's Petition establish the requisite connection between CVS Health's suit-related conduct and this forum so as to permit the exercise of specific personal jurisdiction.

  When a forum seeks to exercise specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful minimum contacts is satisfied when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries arising out of or related to those activities. *Reyes v. Marine Mgmt. & Consulting, Ltd.*, 586 So.2d 103, 106 (La. 1991).  Whether through CaremarkPCS or directly, CVS Health purposefully directed its actions towards Louisiana by marketing, advertising, providing services, and selling its products in its retail stores and pharmacies, as well as through its interactive website and consumer texting system.  By offering products and services for sale to Louisiana consumers, CVS Health has purposefully availed itself of the benefits of Louisiana's forum and should reasonably be aware that it could be haled into court in Louisiana.

  Having established purposeful direction of activities at the forum state, the next step is to establish a connection between those activities and the litigation, sometimes referred to as "case-linked" jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262, 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395, 403 (2017).

  The petition alleges CVS Health "holds itself out as deliberately directing, and is therefore responsible for, CaremarkPCS's forum-related activities." (*See* Petition at ¶ 8). The Petition describes a global corporate scheme by and between CVS Health and each of its subsidiaries

8

intending to unjustly enrich CVS Health and its subsidiaries at the expense of independent pharmacies. The Petition does not challenge only the conduct of CaremarkPCS Health, as the PBM subsidiary, it also contests the vertically-integrated corporate structure that makes the abusive practices possible. The PBM, itself, would not be able to gain monopolistic influence over the pharmaceutical market if CVS did not also own the affiliated insurance companies and pharmacies that complete the trifecta. It is the very business model put into place by the common parent (CVS owns both the health insurer, Aetna, and its PBM, CaremarkPCS Health) that is financially ruining independent pharmacies in Louisiana. (*See* Petition at FN1). This multi-tiered model created by the parent company, which creates the environment for the abuses to exist, is not only related to the suit, it **IS** the suit-related conduct.

      CVS Health cites non-controlling federal district court cases to argue the State cannot satisfy the minimum contacts requirement. (*See* ECF Doc. 10-1, p. 5; Pg. ID # 216). In addition to having no precedential value or binding effect on this court, the court in each of the cases cited simply adopted the affidavit of Mr. Moffet to find CVS Health is a holding company that conducts no operations beyond filing stock reports. Respectfully, these conclusory opinions are belied by information that CVS Health, on its own accord, puts forth for public availability regarding its identity and control over its subsidiaries. CVS Health is integrally involved in promoting its subsidiaries' products, services, etc. as evidenced by its online presence and SEC filings. To suggest that CVS Health, as the parent corporation, has no interest in or say over the structure of its entire business model that makes the abuses possible is unbelievable on its face. CVS Health, as the parent corporation who markets itself as an integrated healthcare company with no clear lines of differentiation between its subsidiaries for purposes of personal jurisdiction, clearly has an interest in maintaining its underlying corporate structure. As such, case-linked, specific

jurisdiction has been established.

### C. Alter-Ego Jurisdiction and Group Pleading

Again, the State maintains independent personal jurisdiction exists over CVS Health. CVS Health's argument that none of the State's allegations against it, standing alone, support jurisdiction, is flawed. As discussed *supra*, the Petition is not merely a complaint against the PBM practices; a lion's share of the allegations involve a **scheme** put into place by a corporate conglomerate, including the parent company and its subsidiaries, that allows specific exploitations and manipulations to occur. CVS Health cannot plausibly deny knowledge that its conduct in all links of the chain (negotiating with manufacturers to inflate drug prices, under-reimbursing pharmacies, charging exorbitant fees, engaging in spread pricing, and patient steering) is at the heart of this complaint. Its acts were *designed* to do just that and have caused tremendous harm to consumers and independent pharmacies in Louisiana. Thus, an agency or alter-ego theory is not required to confer personal jurisdiction.

### D. Jurisdictional Discovery and/or Amendment Should be Permitted

The State respectfully submits that the exercise of personal jurisdiction over CVS Health is well established by the above facts and application of the law. In the event, however, that this Honorable Court requires more jurisdictional facts, the State requests that it be permitted to conduct limited discovery on this issue. "Courts may permit discovery to allow the parties to ascertain facts relevant to determining personal jurisdiction." *See In re Am. River Transp. Co. LLC*, 533 F. Supp. 3d 355, 361 (E.D. La. 2021), citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 & n. 13 (1978). If deemed necessary, the State asks for leave to timely seek targeted discovery aimed directly at establishing whether or not CVS Health's contacts with this forum are sufficient to establish personal jurisdiction. *See In Re: Pricing*

*Litigation*, 2:23-md-03080-BRM-LDW (ECF No. 710) (D. N.J.) (Sept. 5, 2025)(ordering jurisdictional discovery in the insulin litigation to ascertain CVS Health's jurisdictional contacts to Illinois in a suit involving the PBM scheme). (Attachment 1).

In the event this Honorable Court concludes that such additional allegations need to be included in the Petition, the State requests, in this further alternative, leave to amend the Petition.

### IV. Conclusion

For the foregoing reasons, the State of Louisiana respectfully requests that the Motion to Dismiss for Lack of Personal Jurisdiction filed by CVS Health be **DENIED**.


RESPECTFULLY SUBMITTED this 5th day of December, 2025:

   /s/ Ryan M. Nolan
**LIZ MURRILL**
**ATTORNEY GENERAL FOR**
**THE STATE OF LOUISIANA**
Michael David Dupree
John Joseph Kelley
Ryan Matthew Nolan
1885 North 3rd Street, 4th Floor
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Facsimile: (225) 326-6499
dupreem@ag.louisiana.gov
kelleyj@ag.louisiana.gov
nolanry@ag.louisiana.gov


**SALIM-BEASLEY LLC**
Robert L. Salim
Lisa Causey-Streete
1901 Texas St. Natchitoches, Louisiana 71457
Telephone: (31) 352-5999
Facsimile: (318) 352-5998
skeeter@salim-beasley.com
lcausey@salim-beasley.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on December 5, 2025. All counsel who are not CM/ECF participants will be served a true and complete copy of the foregoing via First Class Mail.

<u>/s/ Ryan M. Nolan</u>